Charles Tyree GREEN, Petitioner–
Appellant,

v.

James H. GOMEZ, Director of Depart-
ment of Corrections of the State of
California; Theodore White, Warden
of New Folsom State Prison, Respon-
dents–Appellees.

Charles Tyree Green, Petitioner–
Appellant,

v.

Matthew C. Kramer, Respondent–
Appellee.

Nos. 08–15949, 95–15901.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2010.

Filed Feb. 8, 2010.

John Paul Balazs, Law Offices of John
P. Balazs, Sacramento, CA, for Petitioner–
Appellant.

Juliet Haley, Deputy Assistant Attorney
General, Office of the California Attorney
General, San Francisco, CA, for Respon-
dent–Appellee.

Before: KOZINSKI, Chief Judge, HUG
and CLIFTON, Circuit Judges.

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

## MEMORANDUM *

Green's statements after he was given
the *Miranda* warnings were properly ad-
mitted. Under *Oregon v. Elstad*, 470 U.S.
298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985),
"a suspect who has once responded to
unwarned yet uncoercive questioning is
not thereby disabled from waiving his
rights and confessing after he has been
given the requisite *Miranda* warnings."
*Id.* at 318, 105 S.Ct. 1285. Green argues
the statements should be suppressed un-
der *Missouri v. Seibert*, 542 U.S. 600, 124
S.Ct. 2601, 159 L.Ed.2d 643 (2004). Even
assuming he can rely on *Seibert* in light of
*Teague v. Lane*, 489 U.S. 288, 310, 109
S.Ct. 1060, 103 L.Ed.2d 334 (1989), there
was no deliberate two-step process here.
Green's waiver of his *Miranda* rights was
also voluntary. *See Moran v. Burbine*,
475 U.S. 412, 421, 106 S.Ct. 1135, 89
L.Ed.2d 410 (1986). He was only in the
interview room for approximately six
hours before he was advised of his rights,
and during most of that time he was not
being interrogated.

Nor were Green's admissions coerced.
*See Colorado v. Connelly*, 479 U.S. 157,
167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).
Although Green argues that he was psy-
chologically vulnerable to questioning, "a
defendant's mental condition, by itself and
apart from its relation to official coercion"
doesn't render a statement involuntary.
*Id.* at 164, 107 S.Ct. 515. Green points to
no police behavior amounting to coercion.
Moreover, Green's question "Can I page 3
have time to think for a second" wasn't an
invocation of his right to remain silent.
It's just like the question "Can we talk
about it tomorrow," which *United States v.
Thierman*, 678 F.2d 1331, 1335–36 (9th

by 9th Cir. R. 36–3.

Cir.1982), held wasn't an invocation of the right to be silent.

Even if the state court erred in determining that Green wasn't in custody during his pre-*Miranda* questioning, he hasn't shown that admission of his initial statements had a "substantial and injurious effect" on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted). Green's bloody overalls were properly admitted, *see United States v. Patane*, 542 U.S. 630, 641–42, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004), as were his two confessions. Green's first statements are insignificant compared to this evidence.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.